UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11375-GAO

J.P., by his parent Michael Pescatore, and MICHAEL PESCATORE,
Plaintiffs,

v.

MEAD JOHNSON CO.,
Defendant.

OPINION AND ORDER
August 10, 2011

O'TOOLE, D.J.

On September 30, 2008, Michael Pescatore, on behalf of himself and his son, J.P.,[1] filed a civil action against Mead Johnson, alleging that Mead Johnson's infant formula, Enfamil LIPIL with Iron, caused J.P.'s autism and other neurological conditions. Specifically, he identified as the source of the injuries two synthetic supplements added to the infant formula, DHASCO and ARASCO, designed to mimic fatty acids naturally occurring in human breast milk. The case was assigned to Judge Saris.

On February 11, 2009, the court stayed discovery and ordered the plaintiff to identify an expert and file an expert report supporting the factual basis for his claims by April 13, 2009. The court repeated the order on March 16, 2009.

On April 13, 2009, the plaintiff timely filed a series of documents he entitled "Rule 26 Expert Disclosures." No expert witness was identified, nor was a report filed describing the possible scope of proposed expert testimony. The defendant subsequently filed a motion to dismiss for failure to comply with the court's orders.

---

[1] The parties are reminded that, pursuant to Local Rule 5.3(a)(2), minor children should only be identified by their initials.

Without an expert opinion supporting the plaintiff's allegations that the defendant's infant formula caused J.P.'s medical conditions, the magistrate judge to whom the motion was referred opined that the plaintiff would have no prospect of prevailing on his claims. Concluding that further prosecution of the case would be futile, waste judicial resources, and unfairly force the defendant to spend time and money defending itself, the magistrate judge recommended dismissing the action pursuant to Federal Rule of Civil Procedure 41(b). The magistrate further recommended that the dismissal be without prejudice "provided that any subsequent lawsuit by the plaintiff against Meade Johnson raising similar claims must be supported by an expert affidavit as to causation." Pescatore v. Mead Johnson & Co., No. 08-11680-PBS, slip op. at 10-11 (D. Mass. July 21, 2009) (dkt. no. 24). On August 11, 2009, Judge Saris adopted the report and recommendation and dismissed the case without prejudice.

On August 9, 2010, the plaintiff again filed suit against Mead Johnson, asserting essentially the same factual allegations. Although he filed a number of exhibits with the complaint, including scientific articles and various pieces of correspondence, the plaintiff did not file an expert affidavit opining on the link between the defendant's formula and his son's health conditions. The defendant moved to dismiss the new complaint pursuant to Federal Rules of Civil Procedure 41(b), 12(b)(1), and 12(b)(6), and the plaintiff responded in part by filing what he describes as an "Expert Report" by a physician, Dr. Michael J. Verive.

The so-called "Expert Report" is no such thing. Despite an earlier warning regarding the requirements of expert reports under Federal Rule of Civil Procedure 26(a)(2)(B), the report is missing key elements required by the rule. More importantly, however, is that the letter submitted by the purported expert fails to provide an opinion that J.P.'s injuries were caused by the defendant's product. The expert opines in general terms that, because DHASCO and ARASCO are digested, oxidized, and function differently than the human-derived fatty acids

they are designed to mimic, more safety-related research should be done before they are added to infant formula. There is no mention of J.P., his medical conditions, or Mead Johnson, and there is no attempt made to affirmatively link J.P.'s alleged injuries to the defendant's product. Dr. Verive's general concern is insufficient to satisfy the requirements laid out by Judge Saris in her dismissal order.[2]

In the absence of any materials suggesting that J.P.'s conditions were caused by the defendant's product, the complaint is again dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Judge Saris's previous dismissal order. Without the support of expert testimony, the plaintiff cannot prevail on his claims, and it would be wasteful to require the defendant and the Court to incur additional time and expense to resolve the matter.

The dismissal, however, is without prejudice for substantially the same reasons articulated by the magistrate judge in the previous report and recommendation. Any future lawsuit by the plaintiff against Mead Johnson raising similar claims must be supported by an affidavit as to causation, which must be filed contemporaneously with the new complaint.[3] Failure to comply with this order will result in dismissal with prejudice.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge

---

[2] Furthermore, the expert's opinion is contained in a letter, as opposed to an affidavit—which would normally certify through signature that the information contained therein is true and correct under the pains and penalties of perjury—as required by Judge Saris's order.

[3] Pursuant to Local Rule 40.1(G)(2), the plaintiff shall notify the clerk of the two previous cases, Nos. 08-11680-PBS and 10-11375-GAO, by notation on the local civil category sheet indicating the title and number of the related cases should a new lawsuit be filed.